Opinion
 

 MCDONALD, J.
 

 In this case we decide that an owner of a leasehold condominium, who otherwise qualifies, is entitled to the $7,000 real property tax “homeowners exemption” created by article XIII, section 3, subdivision (k) of the California Constitution and section 218 of the Revenue and Taxation Code
 
 [1]
 
 (the exemption).
 

 I
 

 Facts
 

 The facts are not in dispute.
 
 [2]
 
 The City of Oceanside (City) leased unimproved land owned by City to the Oceanside Small Craft Harbor District (District). In 1972 the District subleased a portion of the land to a developer. The developer constructed a 67-’¿nit building and other improvements on the land and conveyed by sublease leasehold interests in the land and improvements to members of the public. Each sublease conveyed a leasehold interest in a separate air space unit described on a recorded condominium plan
 
 [3]
 
 and a leasehold interest in an undivided l/67th fractional interest in the common area.
 
 [4]
 

 In August 1985 Gary T. and Shirley J. Benton (Bentons) purchased an assignment of a sublease for approximately $174,500 and acquired a leasehold interest in the land and improvements. In September 1991 William F. and Norma S. Belliston (Bellistons) purchased an assignment of a sublease
 
 *334
 
 for approximately $351,000 and acquired a leasehold interest in the land and improvements.
 

 In 1994 the Bentons and the Bellistons (collectively claimants) applied to the County of San Diego for the exemption. Respondent San Diego County Assessor (Assessor) asked the State Board of Equalization (SBE) whether claimants were eligible for the exemption. Although claimants occupy their units as their principal place of residence, SBE responded that the exemption was not available to claimants. Accordingly, claimants’ application for the exemption was denied.
 

 II
 

 The Lawsuit
 

 Assessor filed an action for declaratory relief against SBE, seeking a declaration that claimants, as well as others similarly situated, were entitled to the exemption. The lawsuit alleged that because long-term leases have been interpreted as the equivalent of fee ownership for the purpose of “change of ownership” revaluation under article XIII A of the California Constitution, long-term leases are also the equivalent of fee ownership for the purpose of the exemption. On cross-motions for summary judgment, the trial court ruled in favor of Assessor.
 

 III
 

 Owners of Leasehold Condominiums Qualify for the Section 218 Exemption
 

 A
 

 The Exemption
 

 Article XIII, section 3, subdivision (k) of the California Constitution exempts from real property taxation $7,000 of the full value of “a dwelling . . . when occupied by an owner as his principal residence . . . .” Section 218, subdivision (c) provides the exemption is available to a condominium occupied by the owner as his principal place of residence. Section 218 also specifies the exemption does
 
 not
 
 apply to rented property.
 

 The parties phrase the issue in this case as whether claimants are “owners” within the meaning of the constitutional and statutory provisions of the exemption. The parties seem to assume “ownership” can only be fee ownership and therefore argue about whether a long-term lease arrangement is
 
 *335
 
 sufficiently like fee ownership to be considered fee ownership for purposes of section 218. We perceive the issue to be somewhat different. There is no question that the claimants are the owners of the leasehold interests in real property they acquired by purchasing assignments of the subleases. In our view the issue is not ownership but whether the leasehold interest in the real property each claimant owns is a condominium within the meaning of that term as used in section 218. If it is, and the claimants satisfy the occupancy as a principal place of residence requirement of section 218, then claimants are entitled to the exemption under section 218.
 

 B
 

 Condominiums
 

 “A condominium consists of an undivided interest in common in a portion of real property coupled with a separate interest in space called a unit, the boundaries of which are described on a recorded . . . condominium plan . . . .” (Civ. Code, § 1351, subd. (f).) Furthermore, “[a] condominium may, with respect to the duration of its enjoyment, be either (1) an estate of inheritance or perpetual estate, (2) an estate for life, (3) an estate for years, such as a leasehold or a subleasehold, or (4) any combination of the foregoing.” (Civ. Code, § 783.) “The estate in a separate interest may be a fee, a life estate, an estate for years, or any combination of the foregoing.” (Civ. Code, § 1351, subd. (l).) The real property interests acquired by claimants satisfy the definitional requirement of a condominium.
 

 Because a condominium may be a leasehold or a subleasehold in duration and the real property interests of the claimants described in their subleases meet the definition of condominiums, each claimant owns a condominium within the meaning of section 218. Section 218 refers to a condominium without qualification; it does not limit the exemption to a fee interest condominium. The interests acquired and owned by claimants as described in their subleases include both an interest in the common area of the project and a separate interest in the space called a unit as described on a condominium plan; they therefore own a condominium within the meaning of section 218.
 

 Our conclusion is confirmed by the provisions of section 2188.3 which provide: ’’Whenever real property has been divided into condominiums . . . (a) each condominium owned in fee shall be separately assessed to the owner thereof . . . ; (b) each condominium not owned in fee shall be separately assessed, as if it were owned in fee, to the owner of the condominium . . . .”
 

 
 *336
 
 In the context of separate tax assessments for condominiums the term “owner” is used for both fee and nonfee condominiums. Nonfee condominiums include leasehold and subleasehold condominiums (see Civ. Code, §§783, 1351, subd. (l)). The owner of a leasehold condominium is an “owner” of a condominium for the purpose of separate assessment of the condominium to the same extent the owner of a fee condominium is an owner of a condominium for the purpose of separate assessment of the condominium. There is no reason the owner of a leasehold condominium is not an owner of a condominium for the purpose of the exemption to the same extent as the owner of a fee condominium is an owner of a condominium for the purpose of the exemption.
 

 SBE relies on the clause in section 218 stating the exemption is not available to “property which is rented,” to argue claimants cannot claim the exemption because the sublease under which they occupy their units describes claimants as tenants and specifies they agree to pay rent in consideration for the right to occupy the units. However, to interpret the phrase “property which is rented” to include a leasehold condominium would be inconsistent with the use of the unqualified term “condominium” in section 218. Furthermore, when the realities of the underlying transaction show the occupant is in fact the owner, the exemption statutes are applied based on the
 
 substance
 
 of the transaction rather than the terminology employed by the parties in structuring the transaction.
 
 (Mayhew Tech Center, Phase II
 
 v.
 
 County of Sacramento
 
 (1992) 4 Cal.App.4th 497, 504-507 [5 Cal.Rptr.2d 702] [state deemed beneficial owner even though it occupied property under transaction denominated a “lease”].) Here the sublease describes a payment using the nomenclature of rent, but the monthly amount payable is currently $50 per month for each unit or $70 per month for penthouse units. The de minimis rent suggests that the primary consideration paid to occupy the unit was not the monthly rental, but instead was the purchase price paid to the former owner to purchase the leasehold condominium. The economic realities show that although a monthly rent is paid, the condominium itself is not being rented.
 
 [5]
 
 We perceive the exclusion of “property which is rented” in the context of a condominium to apply to the situation in which the leasehold condominium owner rents his air space unit to another but does not assign
 
 *337
 
 his leasehold interest in the common area. In that situation the owner has not transferred his leasehold condominium interest; he has leased only a portion of his condominium and the result is similar to leasing an apartment. The unit portion of the condominium by itself is only a part of the condominium and the lessee of that portion would not be entitled to the exemption.
 

 Moreover, our interpretation accords with the purpose of the exemption. The purpose of the exemption is to give some tax relief
 
 (County of San Bernardino
 
 v.
 
 Flournoy
 
 (1975) 45 Cal.App.3d 48, 52 [117 Cal.Rptr. 732]), but only to those occupants who (1) own and are therefore liable to pay the tax on the “dwelling” and (2) occupy the taxed dwelling as their principal place of residence. There is no dispute claimants here are solely liable to pay the taxes on the occupied dwelling (§ 2188.3) and occupy the taxed dwelling as their principal place of residence. Because the purpose of the exemption is to give limited tax relief to persons, such as claimants, who both occupy the dwelling taxed and are liable to pay the taxes on the dwelling, we perceive no impediment to finding them owners of condominiums within the meaning of the section 218 exemption.
 

 Disposition
 

 The judgment is affirmed.
 

 Huffman, Acting P. J., and Jones, J.,
 
 *
 
 concurred.
 

 [1]
 

 All further statutory references are to the Revenue and Taxation Code unless otherwise specified.
 

 [2]
 

 Because the material facts are undisputed, interpretation and application of taxing statutes are questions of law and on appeal we exercise independent review.
 
 (Delta Air Lines, Inc.
 
 v.
 
 State Bd. of Equalization
 
 (1989) 214 Cal.App.3d 518, 524-525 [262 Cal.Rptr. 803].)
 

 [3]
 

 “ ‘Condominium plan’ means a plan consisting of (1) a description or survey map of a condominium project, which shall refer to or show monumentation of the ground, (2) a three-dimensional description of a condominium project... in sufficient detail to identify the common areas and each separate interest, and (3) a certificate consenting to the recordation of the condominium plan . . . .” (Civ. Code, § 1351, subd. (e).)
 

 [4]
 

 “ ‘Common area’ means the entire common interest development except the separate interests therein.” (Civ. Code, § 1351, subd. (b).) “ ‘Common interest development’ means any of the following: [¶ . . . [¶ (2) A condominium project. . . .” (Civ. Code, § 1351, subd. (c).)
 

 [5]
 

 “Rent” is the consideration paid by the tenant to the landlord “for the use, enjoyment and possession of the leased premises.”
 
 (Savett
 
 v.
 
 Davis
 
 (1994) 29 Cal.App.4th Supp. 13, 19 [34 Cal.Rptr.2d 550].) However, the fact that the periodic payments here are denominated “rent” does not preclude the court from evaluating the true nature of the legal status of the payer (see
 
 Davies Machinery Co.
 
 v.
 
 Pine Mountain Club, Inc.
 
 (1974) 39 Cal.App.3d 18, 27 [113 Cal.Rptr. 784] [use of term “rent” did not preclude court from finding payer was in fact vendee rather than lessee of property]) or of the payment itself (see, e.g.,
 
 Granberry
 
 v.
 
 Islay Investments
 
 (1984) 161 Cal.App.3d 382, 389-391 [207 Cal.Rptr. 652] [payment denominated “rent” could nevertheless be found to be “additional security”]).
 

 *
 

 Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.